UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW SANSCRAINTE | ) | CASE NO. |
| 6060 Maidstone Ct. | ) | |
| Westerville OH, 43082 | ) | JUDGE |
| | ) | |
| On behalf of himself and all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S CLASS AND** |
| | ) | **COLLECTIVE ACTION** |
| v. | ) | **COMPLAINT** |
| | ) | |
| DARPAN MANAGEMENT, INC. | ) | (Jury Demand Endorse Herein) |
| c/o Sanjay K. Bhatt | ) | |
| 300 South Second St., 2nd Floor | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PRAKASH PATEL | ) | |
| c/o Sanjay K. Bhatt | ) | |
| 300 South Second St., 2nd Floor | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VIBHAKAR SHAH | ) | |
| c/o Sanjay K. Bhatt | ) | |
| 300 South Second St., 2nd Floor | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DARSHAN SHAH | ) | |
| c/o Sanjay K. Bhatt | ) | |
| 300 South Second St., 2nd Floor | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Defendants. | ) | |

1

Plaintiff Matthew Sanscrainte, by and through counsel, for his Class and Collective Action Complaint against Defendants Darpan Management, Inc., Prakash Patel, Vibhakar Shah, and Darshan Shah, states and alleges the following:

## INTRODUCTION

1.  Plaintiff brings this case to challenge policies and practices of Darpan Management, Inc. (hereinafter "Darpan") Prakash Patel, Vibhakar Shah, and Darshan Shah (collectively "Defendants") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio.  Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" ("the FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class"). Plaintiff also brings an individual FLSA claim under 29 U.S.C. § 215(a)(3), for retaliation, because Plaintiff was terminated for complaining about Defendants' unlawful wage practices.

2.  Other lawsuits have challenged Defendants' employee wage compensation practices as willful attempts to circumvent the Fair Labor Standards Act. These include two enforcement proceedings by the U.S. Department of Labor in the U.S. District Court for the Southern District of Ohio, Eastern Division in 2014 and 2012. On June 13, 2016, this Court ruled that Defendants were liable to several of Defendants' employees for unpaid "back wages," and Defendants agreed to a consent judgment with the DOL. *Perez v. Darpan Management, Inc. et*

*al.*, case no. 2:14-cv-351 (S.D. Ohio) (Doc. 33, June 13, 2016 Judgment Order approving Joint Motion to Approve Consent Judgment filed June 9, 2016). On April 27, 2015, this Court entered judgment that Defendants were liable to several of Defendants' employees for unpaid "back wages," and Defendants agreed to a consent judgment with the DOL under which it agreed to pay liquidated damages for a willful violation as to wronged employees. *Perez v. Darpan Management, Inc. et al.*, case no. 2:14-cv-352 (S.D. Ohio) (Doc. 15, April 27, 2015 Judgment Order approving Stipulated Judgment Order filed April 9, 2015).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. At all times relevant, Plaintiff Matthew Sanscrainte was a citizen of the United States and resident of Delaware County, Ohio.

7. Defendant Darpan is an Ohio corporation with its principal place of business in Franklin County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Darpan's statutory agent for service of process is Sanjay K. Bhatt, 300 South Second St., 2nd Floor , Columbus, OH 43215.

3

8. Upon information and belief, at all times relevant hereto, Defendants Prakash Patel, Vibhakar Shah, and/or Darshan Shah are members of Defendant Darpan and/or exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

9. Defendants are engaged in the hospitality business and in the performance of related types of activities. Among other business endeavors, Defendants own and run five hotels in the Columbus area, including Four Points by Sheraton, Columbus.

### Defendants' Status as Employer

10. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. Chapter 4111, and employed hourly employees, including Plaintiff.

11. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. Defendants Prakash Patel, Vibhakar Shah, and Darshan Shah were employers pursuant to 29 U.S.C. § 203(d) in that they were each a "person [who] act[ed] directly or indirectly in the interest of an employer," Darpan Management, Inc., "in relation to employees," including Plaintiff. Defendants Prakash Patel, Vibhakar Shah, and Darshan Shah were also employers pursuant to O.R.C. Chapter 4112, and had operational control over significant aspects of Darpan's day-to-day functions, including compensation of employees.

4

13. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

## Plaintiff's Non-Exempt Status With Defendants

15. Plaintiff Sanscrainte was employed by Defendants from about April 2016 to November 2016.

16. Defendants employed Plaintiff in Columbus, Ohio as an hourly Food and Beverage Manager at the business location know as Four Points by Sheraton Columbus – Polaris, 8505 Pulsar Place, Columbus, Ohio 43240.

17. Plaintiff worked more than forty (40) and as many as eighty (80) hours in a single workweek. However, Plaintiff's managers severely edited Plaintiff's overtime hours to control labor costs. Therefore, Plaintiff was not paid overtime for many or all of his overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

18. Plaintiff, the FLSA Collective, and the Ohio Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

19. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

20. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendants' Failure to Pay for All Hours Worked**

21. Plaintiff, the FLSA Collective, and Ohio Class frequently worked more than forty (40) hours in a single workweek.

22. The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

23. Defendants did not pay Plaintiff, the FLSA Collective, and the Ohio Class for all hours worked, including overtime compensation at one and one-half times their "regular rate" of pay for each hour worked over 40 in a single workweek, contrary to the FLSA, 29 U.S.C. § 207, and the OMFWSA, O.R.C. § 4111.03(A) (incorporating FLSA standards).

**Defendants' Failure to Keep Records of Employment**

24. The FLSA, 29 U.S.C. § 211(c), and O.R.C. § 4111.14 require employers to create and keep precise records of wages and employment practices including an employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid an employee for a period of not less than three years following the last date the employee was employed by that employer, and produce such records within thirty business days after the date the employer receives a request from an employee for such records.

25. Defendants have failed to keep accurate records of all hours worked as required under Federal and Ohio law.

26. The above payroll practices resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

25. The FLSA Collective consists of:

All present and former hourly employees of Defendants at Four Points by Sheraton, Columbus during the period of three years preceding the commencement of this action to the present.

26. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

27. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

28. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 40 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendants at Four Points by Sheraton, Columbus during the period of three years preceding the commencement of this action to the present.

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 40 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

32. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants properly paid Plaintiff and other class members for all hours worked and for all hours worked in excess of forty (40) hours.

33. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

34. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other

class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations – FLSA Collective)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

39. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

40. Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

41. Defendants did not pay overtime compensation to Plaintiff, the FLSA Collective, and/or Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

42. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

43. As a result of Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations – Ohio Class)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

46. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

47. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

48. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

49. Defendants are therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law.

## COUNT THREE
### (Individual FLSA Retaliation Claim)

50. Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

51. At all times relevant herein, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

52. At all times relevant herein, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

53. While Plaintiff was paid on an hourly basis, Defendants consistently and willfully failed to pay Plaintiff for all hours worked. 29 U.S.C. § 207.

54. Defendants shortchanged Plaintiff Sanscrainte by willfully failing to pay all hours worked. Failing to pay for all hours an employee is suffered or permitted to work violates the FLSA, 29 U.S.C. § 203.

55. After, and as a result of, engaging in the protected activity of making numerous complaints to management about Defendants' illegal pay practices, including Defendants' failure to pay Plaintiff for many overtime hours worked off the clock, Defendants retaliated against Plaintiff by terminating Plaintiff.

56. As a result of Defendants' retaliatory conduct, Plaintiff Sanscrainte's rights under

29 U.S.C. § 215(a)(3) were violated, and Plaintiff Sanscrainte has a remedy under 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH  44114
440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

and

Kevin M. McDermott II (0090455)
McDermott Law LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181

12

                                        Facsimile: 440-846-1625
                                        kevin@mcdermottattorney.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                        /s/ Ryan A. Winters
                                        Ryan A. Winters (0086917)